# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> HUBERT IVAN UGARTE, <br><br> Defendant. | Case No. 2:20-CR-00214-RJS <br><br> **ORDER OF FORFEITURE** <br><br> Chief Judge Robert J. Shelby |

The defendant has pleaded guilty. Dkt No. 125. Having examined his factual admissions in support of the plea, and the government's Motion for Order of Forfeiture, and good cause appearing, the court makes the following findings:

1. As a result of a guilty plea to Loan Application Fraud (Count 4) in violation of 18 U.S.C. § 1014 of the Indictment, under 18 U.S.C. §§ 982(a)(2), 982(b), and 21 U.S.C. § 853(p) the defendant must forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly traceable to such offense.

2. Based on the information provided in the government's motion, the Indictment, and the guilty plea of the defendant that include his agreement regarding the forfeiture, the court finds that: $28,889.16 seized from the American First Credit Union, account number ending in **6749, and a MONEY JUDGMENT in the amount of $210,000.00 is subject to forfeiture, that the defendant had an interest in said property, and

that the government has established the requisite nexus between the subject property and the offense.

3. In accordance with Fed. R. Crim. P. 32.2(b)(1)(A), and 18 U.S.C. § 982(a)(2), the defendant shall forfeit $28,889.16 seized from the American First Credit Union account number ending in **6749, and the court imposes a MONEY JUDGMENT against the defendant in the amount of $210,000.00 related to his loan application fraud offense.

4. Pursuant to 18 U.S.C. §§ 982(a)(2), 982(b), 21 U.S.C. § 853(p), and Fed. R. Crim. P. 32.2 (b)(1), the above identified property is hereby forfeited to the United States.

5. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or designee) is authorized to seize the properties and conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture.

6. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the United States may conduct any discovery proper in identifying, locating, or disposing of any property of the defendant's that could be used to satisfy the judgment.

7. Upon entry of this Order the Attorney General or its designee is authorized to commence any applicable proceeding to comply with statutes governing third party interests, including giving notice of this Order.

8. The United States shall publish notice of this Order on the Government's internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

9. Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and amendment of the order of forfeiture pursuant to 21 U.S.C. § 853.

10. Under Fed. R. Crim. P. 32.2(c)(1), no ancillary proceeding is required because this order only imposes a money judgment.

11. Under Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and referenced in the judgment. If no third-party files a claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

12. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extend of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claims, and the relief sought.

13. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

14. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or, if no petitions are filed, following the

expiration of the period provided in 21 U.S.C. § 853 which is incorporated by 18 U.S.C. § 982(b), for the filing of third party petitions.

15. To satisfy the money judgment in whole or in part, the United States may move at any time pursuant to Rule 32.2(e) to amend this order of forfeiture to forfeit substitute property having a value not to exceed $210,000.00.

16. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary under Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED.**

Dated this ___ Day of April, 2021.

_____
ROBERT J. SHELBY, Senior Judge
United States District Court